UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| APPROXIMATELY 67,800 CARTONS OF | § | |
| FOREIGN-PRODUCED CIGARETTES | § | |
| | § | |
| | § | |
| Defendant | § | |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America files this action for forfeiture and alleges upon information and belief:

### *Nature of the Action*

1. This is an action to forfeit property to the United States pursuant to 19 U.S.C. § 1595a(d), 18 U.S.C. § 2344, and 18 U.S.C. § 981(a)(1)(C).

### *Defendant Property*

2. The Defendant Property is approximately 2,550 cartons of Blue River Cigarettes and approximately 65,250 cartons of D&J Royal Blend cigarettes. Together, the approximate combined total is 67,800 cartons of foreign-produced cigarettes (hereinafter, the "Defendant Property").

### *Jurisdiction and Venue*

3. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395.

## *Statutory Basis for Forfeiture*

5. The Defendant Property is subject to forfeiture under:

   a. 19 U.S.C. § 1595a(d) incorporating 18 U.S.C. § 554

      i. 18 U.S.C. § 554 prohibits any person, to fraudulently or knowingly export or send from the United States, or attempts to export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States;

      ii. 19 U.S.C. § 1595a(d) provides that merchandise that is attempted to be exported from the United States, contrary to law, along with the property used to facilitate the attempted exportation, be seized and forfeited.

   b. 18 U.S.C. § 2344 incorporating 18 U.S.C. § 2342

      i. 18 U.S.C. § 2342 prohibits any person to knowingly ship, transport, receive, possess, sell, distribute, or purchase contraband cigarettes or contraband smokeless tobacco and for any person to knowingly make any false statement or representation with respect to the information required to be kept in the records of any person who ships, sells, or distributes any quantity of cigarettes in excess of 10,000 in a single

transaction.

   ii. 18 U.S.C. § 2344(c) provides that any violation of 18 U.S.C. § 2342 requires that the contraband cigarettes be seized and forfeited and, once forfeited, they must be either destroyed and not resold or used for undercover operations.

c. 18 U.S.C. § 981(a)(1)(C) incorporating 18 U.S.C. § 2342(a) and 18 U.S.C. § 1956(c)(7)(A)

   i. 18 U.S.C. § 2342(a) prohibits any person to knowingly ship, transport, receive, possess, sell, distribute, or purchase contraband cigarettes or contraband smokeless tobacco.

   ii. 18 U.S.C. § 1956(c)(7)(A) defines "specified unlawful activity," which includes trafficking contraband cigarettes.

   iii. 18 U.S.C. § 981(a)(1)(C) provides for the seizure of property derived from the proceeds of "specified unlawful activity."

***Factual Basis***

6. Contraband cigarettes totaling approximately 67,800 cartons were attempted to be exported in violation of law on March 17, 2020.

7. An H.S.I. surveillance team including H.S.I. Special Agents Matthew Shoemaker ("S.A. Shoemaker"), Jesus Palomo ("S.A. Palomo"), and Aaron Guerrero ("S.A. Guerrero"), along with Task Force Officer Leonardo Quintana ("T.F.O. Quintana") from Hidalgo County Sheriff's Department (Altogether referred to as "H.S.I. Surveillance") conducted surveillance and identified the trailer in which the Defendant Property was located.

8. H.S.I Surveillance observed a van drive offsite from the surveilled location and alerted task force officers from the Hidalgo County Sheriff's Office as a result.

9. T.F.O. Quintana conducted a traffic stop of the van.

10. During that traffic stop, T.F.O Quintana asked a passenger, Rodrigo Blanco Leija ("Blanco Leija"), if he was transporting cigarettes. Blanco Leija answered affirmatively.

11. T.F.O. Quintana asked Blanco Leija to lead T.F.O. Quintana to the tractor trailer where the cigarettes were located, which Blanco Leija agreed to do.

12. Blanco Leija led the Hidalgo County Sheriff's Deputy to a dirt lot where the tractor trailer was located – the same location H.S.I Surveillance was monitoring.

13. Hidalgo County Sheriff's Department and H.S.I. Agents arrived on scene to the dirt lot.

14. H.S.I. Surveillance team asked for Blanco Leija's consent to search the trailer. Blanco Leija gave permission.

15. S.A. Shoemaker then located Defendant Property in the trailer.

16. While examining the cartons of cigarettes, S.A. Shoemaker recognized the cigarettes to be contraband as the mass quantity of cigarettes bore no evidence of payment of Federal or State of Texas cigarette taxes. Therefore, under 18 U.S.C. 2341(2), the Defendant Property is contraband and cannot be legally exported.

17. When questioned by H.S.I. agents, Blanco Leija stated that he intended to transport the cigarettes from the United States to Matamoros, Mexico.

18. H.S.I. agents asked Blanco Leija if he could take the trailer to another location for inspection. Blanco Leija agreed to drive the tractor trailer to another location for further inspection.

19. During the inspection, S.A. Shoemaker located documentation inside the vehicle which stated the Defendant Property was intended for exportation from the United States to Mexico.

20. S.A. Shoemaker additionally located documentation that listed 1,325 cases of cigarettes as the cargo. Contrary to the documentation, H.S.I agents discovered 1,356 cases. Each case of cigarettes contained approximately 50 cartons of cigarettes, totaling approximately 67,800 cartons. Inside each carton was approximately 200 cigarettes.

21. Blanco Leija stated to S.A. Palomo and Task Force Officer Cruz Villarreal from the Hidalgo Police Department that he intended to transport the cigarettes to Matamoros, Mexico, consistent with the paperwork found by S.A. Shoemaker.

22. Customs and Border Protection then took possession of Defendant Property.

23. Defendant Property remains in possession of Customs and Border Protection at the time of filing.

### *Conclusion*

24. The Defendant Property is subject to forfeiture under 19 U.S.C. § 1595a(d), 18 U.S.C. § 2344, and 18 U.S.C. § 981(a)(1)(C).

### *Notice to Any Potential Claimants*

25. YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

26. An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 1701 W. Business Hwy 83, McAllen, TX 78501, and a copy must be served upon the undersigned Assistant United States Attorney at United States Attorney's Office, 600 E Harrison St. #201, Brownsville, TX 78520.

*Prayer*

27. Wherefore, the United States of America prays that judgment of forfeiture be entered against Defendant Property in favor of the United States of America under 19 U.S.C. § 1595a(d), 18 U.S.C. § 2344, and 18 U.S.C. § 981(a)(1)(C) in addition to such costs and other relief to which the United States of America may be entitled.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

By: /s/ Rick Blaylock
Rick Blaylock
Assistant United States Attorney
Texas Bar No. 24103294
Federal Bar No. 3544108
600 E. Harrison St., #201
Brownsville, TX 78520
Office: (956) 983-6007
Fax: (956) 548-2711

*Verification*

I, Matthew Shoemaker, a Special Agent with the United States Homeland Security Investigations, hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts

set forth in Paragraphs 6 through 23 of the Factual Basis in the foregoing Complaint For Forfeiture In Rem are true and correct to the best of my knowledge and belief.

Executed on August 4, 2020.

*[signature]*

Matthew Shoemaker

Special Agent

Homeland Security Investigations